# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

JOHN W. DANIEL and TRACY M. COOPERMAN, )
)
Plaintiffs, )
) No. 9:20-cv-2870-DCN
vs. )
) **ORDER**
PCG CLAIMS, LLC, F/K/A PRINCIPAL )
CLAIMS GROUP, LLC, )
)
Defendant. )
)

      This matter is before the court on defendant's motion for partial summary judgment. Defendant filed the motion on April 29, 2022. ECF No. 25. The deadline to file a response was May 13, 2022. Plaintiffs did not file a response in opposition, and the time to do so has now expired. As such, the court considers the motion unopposed. Nevertheless, this court remains obligated to independently analyze the motion. Robinson v. Wix Filtration Corp., 599 F.3d 403, 409 n. 8 (4th Cir. 2010) ("[I]n considering a motion for summary judgment, the district court '<u>must</u> review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law.'") (quoting Custer v. Pan Am. Life Ins. Co., 12 F.3d 410, 416 (4th Cir. 1993)) (emphasis in original).

      Upon reviewing defendant's motion, the court finds that there is no evidence before the court to support plaintiffs' request in their complaint for $256,400.00 in actual damages. Specifically, there is no evidence that absent defendant's alleged negligent conduct, plaintiffs' flood insurer would have paid any more than $818.09—the amount the insurer initially agreed to pay. Therefore, the court agrees with defendant that, as a

matter of law, the most plaintiffs can recover in this lawsuit is $818.09. Partial summary judgment is **GRANTED** in this respect.

Additionally, the court agrees with defendant that plaintiffs' breach of contract claim is duplicative of their professional negligence claim as a matter of law. See, e.g., Lighthouse Group, LLC et. al. v. Strauss, et. al., 2016 WL 562100 (D.S.C. Feb. 12, 2016) (dismissing a breach of contract claim as duplicative of the legal malpractice claim); David v. Savage, 2020 WL 12618896 (D.S.C. July 6, 2020) (dismissing breach of contract, breach of fiduciary duty, civil theft/conversion, breach of trust, and civil conspiracy claims as duplicative of professional negligence claims). Because plaintiffs have an adequate remedy at law for the factual allegations underlying the breach of contract claim by virtue of their professional negligence claim, the court **DISMISSES** the breach of contract claim.

**AND IT IS SO ORDERED.**

DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**June 9, 2022**
**Charleston, South Carolina**